[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
After the trial of the above-captioned matter, the court makes the following findings:
Service is found in accordance with the statutes as are the jurisdictional requirements. The allegations of the complaint are found to have been proven and true. There is one minor child issue of this marriage, Xavier Patrick Milling, born August 19, 1997. The marriage of the parties which took place on December 21, 1996 has broken down irretrievably, and the same is hereby dissolved. Having considered the statutory criteria with respect to custody, child support, property division and alimony, the court makes the following findings and orders.
This is a marriage of relatively short duration, which has been marked with conflict between the parties and a separation of approximately one year, followed by a reconciliation and a subsequent separation. There was testimony which stated that there was a prior divorce action which also ended in a reconciliation. The child issue of the marriage has resided with the plaintiff husband since the time of his birth. The defendant wife has been actively involved in the child's life. At present, the parties live a fair distance apart with the husband making his residence in Bloomfield and the wife residing in Hamden. The husband is employed as a school teacher in the West Hartford public schools and the wife is employed as a manager at Cigna Health Care.
Both parents appear to be articulate, intelligent people, however, the level of animosity between them is considerable. They are unable to reach accord on any issue, unfortunately including issues as to the well-being of the child. Mr. Milling carries some bitterness about issues that took place during the course of the marriage. Those issues include incidents where he was arrested and incidents where Mrs. Milling incurred credit card debt without his knowledge or consent. For her part, Mrs. Milling carries animosity from her perceived mistreatment by Mr. Milling and her perception that he was violent and ill tempered. CT Page 13147
Unfortunately, the minor child has suffered as a result of the behavior of the parties. The animosity between the parents is reflected in the child whose difficulties have included behavioral problems such as acting out. The child's behavior caused a day care provider to request his removal from the Bloomfield Early Learning Center. The guardian ad litem has perceptively sensed the distress of the child and the importance of his experiencing consistency and minimizing the contact and conflict between the parents.
Accordingly, the following orders are entered:
The parties shall share joint legal custody of the minor child. The primary residence of the child shall be with the plaintiff.
The plaintiff shall maintain medical insurance for the benefit of the minor child as is available through his employment. Any unreimbursed or uninsured medical expenses shall be paid in the proportion of plaintiff 65%, defendant 35%.
The defendant shall pay to the plaintiff the sum of $110.00 per week as support for the minor child, in accordance with the child support guidelines.
The defendant shall enjoy parenting time with the child every Friday following the child's release from school until Sunday at 7:00 p.m. The defendant may keep the child for the Monday following her weekend visitation if said weekend includes a Monday holiday. On those evenings, she should have access of the child until Monday evening at 7:00 p.m. The defendant shall be responsible for picking the child up from school to commence the weekend visitation, and returning the child at the conclusion of the weekend.
Notwithstanding the above, the plaintiff will have access to the child every third weekend of the month. On the Wednesdays preceding and following the third weekend of the month the defendant shall have access to the child from the period following school until 7:00 p.m.
Each party shall enjoy a one week summer vacation with the minor child upon prior notice of the other party. Said notice shall include dates and tentative plans as to the location where the child will travel. Such plans shall be communicated on or before May 30th of each year. In the event of a conflict in the dates, the plaintiff shall have preference in even number years and the defendant preference in odd number years. CT Page 13148
The defendant shall have the choice of electing the February or April school vacation with the minor child from Friday after school until the following Friday at 7:00 p.m. where she shall be responsible for the return of the child to the plaintiff's home. She should notify the plaintiff on or before January 15th of each year as to her choice of vacation.
The parties shall alternate the Thanksgiving, Christmas Eve, Christmas Day, and New Years Day holidays. The defendant wife shall enjoy Thanksgiving day from 11:00 a.m. to 7:00 p.m. and Christmas Eve from December 24 at 3:00 p.m. to the 25th at 11:00 a.m. on even numbered years, and Christmas Day from 11:00 a.m. to 3:00 p.m. on the 26th of December and New Years day from 11:00 a.m. to 7:00 p.m. on odd numbered years.
For all exchanges of the minor child during visitation the child shall be picked up or dropped off at curb side at the respective home. The parties shall refrain from entering the others home and shall refrain from engaging in any discussion or argument.
Communications between the parties shall be in writing except for emergencies.
The plaintiff shall be obligated to appraise the defendant of any changes in the child's medical or dental providers and shall make reasonable efforts to keep the defendant appraised of the child's medical conditions and/or treatments.
If the child is engaged in extracurricular activities or has a medical or dental appointment which interferes with the other parent's parenting time, they shall assure that he attends such activity or appointment. Neither party shall unnecessarily encumber the other party's parenting time with extracurricular activities or appointments.
Neither party shall pay or receive alimony.
The defendant shall be responsible for payment of the debt to First USA (now Creditors Interchange, Inc.) and shall hold the plaintiff harmless thereon. In addition, she shall be responsible for the debt payable to First Select in the amount of $1,198.71.
The plaintiff shall retain his ownership in the property known of 10 Sutton Place, Bloomfield, Connecticut free and clear of any claim or right therein of the defendant. CT Page 13149
The parties shall each pay the respective liabilities listed on their financial affidavit and hold the other harmless thereon, unless specifically directed otherwise in this judgment.
BY THE COURT
_______________________ Antonio C. Robaina, J. CT Page 13150